## Ann E. Burnett, Adm'x v. George F. Burnett.

*Delivery of deed.*

A grantor who had executed to his son a deed of land which the latter occupied, promised to record and send it to him, but kept it in his possession unrecorded till his own death, nearly four years later. The evidence was conflicting as to whether he really meant to record it or not. *Held*, by a majority of the court that it fell short of showing a delivery.

40 MICH.—46.

Appeal from Livingston.   Submitted January 22.
Decided January 31.

FORECLOSURE.   Complainant appeals.

*E. D. Kinne* for complainant.   Title may pass with-
out manual delivery of the deed of conveyance, and even
if it remains in the grantor's custody, *Souverbye v. Arden,*
1 Johns. Ch., 239 and cases; *Scrugham v. Wood,* 15 Wend.,
545; 4 Kent's Com., p. 456, note *a* and cases; *Byers v.
McClanahan,* 6 Gill & J., 250; *Austin v. Fendall,* 2 Mc-
Arthur, 362; *Hart v. Rust,* 46 Tex., 556; *Newton v.
Bealer,* 41 Ia., 334; *Burkholder v. Casad,* 57 Ind., 418;
*Tallman v. Cooke,* 39 Ia., 402; *Adams v. Adams,* 21 Wall.,
185; *Hosley v. Holmes,* 27 Mich., 416; *Ellis v. Secor,* 31
Mich., 187; *Wallace v. Harris,* 32 Mich., 398; *Thatcher
v. St. Andrews Church,* 37 Mich., 269; whether the exe-
cution of a mortgage does not estop the mortgager from
denying his title at the time, *Barber v. Harris,* 15 Wend.,
615.

*J. L. Topping* for defendant.   Delivery is necessary
to pass title, *Heffron v. Flanigan,* 37 Mich., 274; *May-
nard v. Maynard,* 10 Mass., 455; *Artcher v. Whalen,* 1
Wend., 179; *Clark v. Gifford,* 10 Wend., 310; *Church v.
Gilman,* 15 Wend., 656; if the grantor dies with the deed
in his possession, undelivered, title will not pass, *Jackson
v. Leek,* 12 Wend., 105; *Prutsman v. Baker,* 30 Wis., 644;
*Jackson v. Phipps,* 12 Johns., 418.

MARSTON, J.   The bill of complaint in this case was
filed for the purpose of foreclosing a mortgage alleged to
have been executed by defendant and delivered to Calvin
T. Burnett now deceased.

Calvin T. Burnett during his lifetime resided in Wash-
tenaw county.   He was the owner of a tract of land in
Livingston county, upon which the defendant and his
sister were living.   It is claimed on behalf of the com-
plainant that Calvin T., wishing to divide this tract.

between defendant and his sister, pursuant to an agreement previously made, had a deed of conveyance of the north half thereof to defendant and one of the south half to his sister prepared at Ann Arbor; that he and his wife, the present complainant, took said deeds and visited their son and daughter where they resided upon said lands; that while there and upon the 18th day of February, 1873, said deeds were properly executed, and that at the same time two mortgages, one from defendant and one from his sister to said Calvin, were by them respectively executed to secure certain notes, those given by defendant being one for $4,300, being the one in controversy, and another for $4,000. This second note under a separate agreement made at the same time was to be considered as an advance to the defendant towards his share of his father's estate, and to be accounted for in a certain manner.

It is also claimed that the deeds, mortgages and notes were at the time of the execution thereof retained by said Calvin T. who was to have the same recorded, but which was not done. Calvin T. Burnett died February 6th, 1877. After his decease the deed to defendant was offered him but he refused to accept the same, and the administratrix, on February 14th, 1877, caused the deed and mortgage to be recorded.

The defendant in his answer admits the execution of the notes and mortgage; that $500 of the note in controversy was for personal property which he had purchased from his father; that the deed executed by his father to him of the land was not delivered nor intended to be; that his father was to keep said deed, notes and mortgage, and agreed not to record the same, but would wait and see how defendant managed the property, and if not satisfactory that the papers could be destroyed.

The evidence is conflicting. Mrs. Burnett, the complainant, who was present at the time the papers were executed, says: "My husband was to take care of the papers and put them on record at his own expense. He

was to see that they were put on record.    My husband took them home with him." She farther gives as a reason why they were not at the time placed on record, was that they were to go home by way of Howell and have them recorded, but the sleighing was going off and they got home as quick as they could.  She farther testified that her husband three years before his death and again one year before, told her that if the papers were in his possession at the time of his death, to have them recorded, and handed over to the proper parties. Mrs. Burnett's daughter Mrs. Webster, who was present at the time the papers were executed, gives the same version, that Calvin T. Burnett was to take the papers, have them recorded, and then send the deeds to the proper persons, the grantees.

The justice of the peace who took the acknowledgment and others who were present and who on other occasions had conversations with Calvin T. fully sustained the position set up in the answer of defendant.  Which under all the circumstances is the more probable and correct view? It is conceded that Calvin T. Burnett was a good and prompt business man, while defendant was somewhat addicted to the use of intoxicating liquors, and it is now said that it was on this account and to prevent the defendant from squandering the property that the deed and mortgage were not recorded.  It is clear from the testimony of Mrs. Burnett and her daughter that there was no formal delivery of this deed to the defendant.   There is not the slightest testimony in the case tending to show that he had at any time possession or control of the deed, though for never so short a period.   All we have then from which we can find that a sufficient delivery was made is the statement made by the grantor, admitting such a statement to have been made, that he would retain this deed, have it recorded and then send it to the grantee.   Had this been done, perhaps no question would have arisen.   This, however, he did not do, but knowingly retained possession of all

the papers up to the time of his decease. This we think falls short of showing a delivery. It is said, however, that defendant took and remained in possession of the real estate and made payments on the mortgage, and that he is thereby estopped from disputing the validity of the deed. Prior to the execution of this deed defendant was in possession of this land, under a three years' lease from his father. He continued in possession, and the payments made were, we think, as now said by him, to have been for the personal property which he purchased and in payment of rent of the premises. The retention of all these deeds, notes and mortgages by Calvin T. Burnett and not placing them on record is consistent and harmonizes with the agreement as testified to by the justice and others, and is inconsistent with the other view. From an examination of the evidence in the light of all the surrounding circumstances, we must come to the conclusion that the deed was not delivered, and that the agreement was in substance as set up by defendant in his answer. It follows, therefore, that the decree of the court below must be affirmed with costs.

CAMPBELL, C. J., and GRAVES, J., concurred.

COOLEY, J. It appears that the intestate some years ago made an arrangement under which he deeded land to George F. Burnett, his son, of which about one-half the estimated value was to be an advancement, and for the remainder the son was to give a ten per cent. mortgage. It is probable from the evidence that the father planned this arrangement alone, but it was carried out by the parties so far as the execution of the papers was concerned, and the mortgage was executed by the son with accompanying notes and delivered to the father. The only question concerning the transaction is, whether the deed was ever delivered.

It does not clearly appear that the deed was ever

placed in the son's hands, but I am not satisfied that at the time any of the parties supposed the transaction remained incomplete and unconsummated. The father who lived at a distance from the place where the papers were executed, took the deed away with him when he returned home, and it was found unrecorded among his papers after his death. His widow testifies that he took it merely for the purpose of putting it upon record, which he was to do at his own expense; and she says an accidental circumstance, which she explains, prevented his going to the register's office on his return home.

The value of the land has depreciated greatly since the transaction took place, and on the death of the father it is found not to be for the interest of the son and daughter to claim under the deeds made to them by the father. And now the son being called upon to pay the mortgage he gave upon the land described in the deed to him, he refuses to do so, and insists that the title was never conveyed to him, because the deed was never formally delivered. The daughter makes no question that the transaction with herself was complete, and as a witness in the case she gives evidence which would make out a transaction equally complete between her father and her brother, this defendant.

There are two facts in this case which to my mind are more conclusive than all the testimony of witnesses as to their understanding of the purposes of the parties in executing such writings. One is that the daughter, although it was greatly for her interest to take the same position that the son takes here, did not understand she was at liberty to do so, but admits that the transaction was what on its face it purported to be. The other is that defendant for two years paid in full the interest on his mortgage, thereby admitting its validity and obligation. And it seems to me exceedingly unsafe to set aside the just inferences from such unequivocal acts on such doubtful and contradictory evidence as we have concerning what took place when the papers were executed.